IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
C.D., a Minor, By and         )
Through Her Mother and        )
Next Friend, Cynthia          )
Davenport,                    )
                              )
     Plaintiff,               )
                              )   CIVIL ACTION NO.
     v.                       )    2:14cv952-MHT
                              )        (WO)
COCA-COLA REFRESHMENTS        )
USA, INC., and ALABAMA CVS    )
PHARMACY LLC,                 )
                              )
     Defendants.              )
```

OPINION AND ORDER

The allegations of the notice of removal are insufficient to invoke this court's removal jurisdiction under 28 U.S.C. §§ 1332 (diversity of citizenship) and 1441 (removal). To invoke removal jurisdiction based on diversity, the notice of removal must distinctly and affirmatively allege each party's citizenship. See McGovern v. American Airlines, Inc., 511 F. 2d 653, 654 (5th Cir. 1975) (per curiam). The allegations must show that the citizenship of each

plaintiff is different from that of each defendant. <u>See</u> 28 U.S.C. § 1332; <u>see also</u> 2 James Wm. Moore, et al., Moore's Federal Practice § 8.03[5][b] at 8-16 (3d ed. 2006).

The notice of removal fails to meet this standard as to the plaintiff. First, plaintiff C.D., a minor, has brought this lawsuit through her mother. "[T]he legal representative of an infant or incompetent shall be deemed to be a citizen only of the same State as the infant or incompetent." 28 U.S.C. § 1332(c)(2). Because the removal notice attempts to set forth the citizenship of only the personal representative (C.D.'s mother) and not that of the infant or incompetent (C.D. herself), the notice does not adequately establish grounds for this court to assume removal jurisdiction of this matter. Second, the notice purports to give the "residence" rather than the "citizenship" of a party. An allegation that a party is a "resident" of a State is not sufficient to establish that a party is a "citizen" of that State. <u>Delome v. Union Barge Line</u>

2

Co., 444 F.2d 225, 233 (5th Cir.), cert. denied, 404 U.S. 995 (1971).

The removal notice is also insufficient because it does not properly indicate the citizenship of a party that is a corporation: defendant Coca-Cola Refreshments USA, Inc. The notice must allege **both** the State of incorporation **and** where the corporation has its principal place of business. See 28 U.S.C. § 1332(c)(1); American Motorists Ins. Co. v. American Employers' Ins. Co., 600 F.2d 15, 16 and n.1 (5th Cir. 1979) (per curiam).

The removal notice is also insufficient because it does not indicate the citizenship of a party that is a 'limited liability company': defendant Alabama CVS Pharmacy, L.L.C.. "[L]ike a limited partnership, a limited liability company is a citizen of any state of which a member of the company is a citizen." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004). The notice must therefore allege "the citizenships of all the members

of the limited liability company." Id.  If the member is another entity, the complaint must reflect the citizenship of that entity based on the nature of that entity.  The allegation of citizenship as to Alabama CVS Pharmacy, L.L.C.'s sole member, CVS Pharmacy, Inc., a corporation, is not sufficient for the reason given above.

***

It is therefore the ORDER, JUDGMENT, and DECREE of the court that the removing defendant has until November 7, 2014, to amend the notice of removal to allege jurisdiction sufficiently, see 28 U.S.C. § 1653; otherwise this lawsuit shall be remanded to state court.

DONE, this the 27th day of October, 2014.

                                     /s/ Myron H. Thompson
                                  UNITED STATES DISTRICT JUDGE